UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LASKEY,

        Plaintiff,

                                    CASE NO. 2:13-CV-14538
                                    JUDGE ARTHUR J. TARNOW
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

CITY OF WARREN,
KIMBERLEY TEOLIS and
COLIN MCCABE,

        Defendants.

_____/

## ORDER DEEMING MOOT IN PART AND DENYING IN PART PLAINTIFF'S SEPTEMBER 18, 2014 MOTION (Doc. Ent. 28) TO COMPEL DEPOSITIONS AND AMEND COMPLAINT (Doc. Ent. 28) and AWARDING COSTS

**A.    Background**

      Michael Laskey filed the instant lawsuit on October 30, 2013 against the City of Warren, and Warren Police Officers Kimberley Teolis and Colin McCabe.  Doc. Ent. 1.  The facts underlying this lawsuit stem from an alleged October 31, 2011 event.  Doc. Ent. 1 ¶¶ 9-17.  The causes of action include (I) excessive force in violation of the Fourth Amendment; (II) assault and battery; (III) gross negligence; and (IV) constitutional violations by the City of Warren.  Doc. Ent. 1 ¶¶ 18-47.

      On March 21, 2014, Judge Tarnow conducted a settlement conference, after which a scheduling order (Doc. Ent. 13) was entered.  Pursuant to the July 23, 2014 stipulated order, the discovery deadline was extended to September 18, 2014 and the dispositive motion deadline was extended to October 15, 2014.  Doc. Ent. 20.  Then, on October 16, 2014, Judge Tarnow entered a stipulated order (Doc. Ent. 36) extending the discovery deadline to December 1, 2014 and the

dispositive motion deadline to December 15, 2014.

**B.    Instant Motion**

On September 10, 2014, plaintiff re-noticed the taking of Kimberley Teolis and Colin McCabe's depositions for September 24, 2014. Doc. Ent. 32-2.  Currently before the Court is plaintiff's September 18, 2014 motion (Doc. Ent. 28) to compel depositions and amend the October 30, 2013 original complaint (Doc. Ent. 1).

Attached to the motion is plaintiff's proposed first amended complaint.  Doc. Ent. 28-1.  In addition to causes of action for (I) excessive force in violation of the Fourth Amendment; (II) assault and battery; (III) gross negligence; and (IV) constitutional violations by the City of Warren, plaintiff adds a cause of action for (V) owner's liability as to City of Warren based upon Mich. Comp. Laws § 257.401 ("Civil actions for injuries to person or property resulting from operation of motor vehicle; liability of owners or operators, lessors or lessees, dealers").  Doc. Ent. 28-1 ¶¶ 19-54.

Defendants filed a response on October 3, 2014.  Doc. Ent. 32.  Therein, defendants argue:

A.    Plaintiff is Not Entitled to An Order Compelling Depositions That Have Already Occurred.

B.    The Request for Leave to Amend is Untimely and Prejudicial.

C.    The Addition of Count V of the Proposed Amended Complaint Is Futile Where it Fails to Assert a Cognizable Claim Against the City of Warren.

D.    The Addition of Count V of the Proposed Amended Complaint To Add a Claim for Owner's Liability Against The City Of Warren As Employers of the Alleged Negligent Drivers Defendant Officers Mccabe and Teolis is Futile Under MCL 691.1407(2).

2

Doc. Ent. 32 at 2, 10-18.[1]

**C.    Discussion**

**1.**    On October 8, 2014, the parties filed a joint list of resolved and unresolved issues.  Doc.

Ent. 34.  The parties disagree that plaintiff should be permitted to amend his complaint to add

Count V (Owner's Liability against City of Warren).  Specifically, defendants contend that

plaintiff moves:

> (a)    to compel depositions that had already been scheduled and have since occurred as scheduled;
>
> (b)    [to] request[] leave to assert claims on the eve of the close of discovery; and
>
> (c)    [to] request[] leave to asse[r]t state claims regarding an automobile accident wholly distinct from the alleged violations of 42 USC 1983 and, importantly, already in issue in Macomb County Circuit Court Case No 12-4704-NF which remains pending.[2]

On the other hand, plaintiff contends that "no additional discovery will likely be necessary on

that issue, and furthermore, that cause of action is not part of the Macomb County Circuit Court

case."  Doc. Ent. 34 at 2.

**2.**    Judge Tarnow has referred this motion to me for hearing and determination.  Doc. Ent.

29.  A hearing was noticed for October 16, 2014.  Doc. Ent. 31.  On the date set for hearing,

attorneys Shawn C. Cabot and Robert J. Morris appeared.

---

[1]*See* Mich. Comp. Laws § 691.1407 ("Immunity from tort liability; exceptions; judge, legislator, official, and guardian ad litem").

[2]During the October 16, 2014 hearing, plaintiff's counsel explained that this is a PIP benefit case.  PIP benefits are personal protection insurance benefits.  *See, i.e., Gividen v. Bristol West Ins. Co.*, 305 Mich.App. 639, --- N.W.2d ---- (June 17, 2014) ("personal protection insurance (PIP) benefits").  Based upon defendants' October 3, 2014 response (Doc. Ent. 32 at 10) and plaintiff's counsel's October 16, 2014 statement during the hearing, trial in this case was scheduled to begin on September 29 or 30, 2014.

Prior to the hearing, counsel for the parties confirmed that the depositions had taken place. Thus, the only remaining portion of plaintiff's September 18, 2014 motion (Doc. Ent. 28) is whether plaintiff should be given leave to amend the complaint to add a cause of action for Owner's Liability against the City of Warren.

**3.**     Upon consideration, plaintiff's September 18, 2014 motion (Doc. Ent. 28) is denied to the extent it seeks leave to amend the original complaint (Doc. Ent. 1) to add a cause of action against the City of Warren for Owner's Liability (Count V).

First, the motion to amend is untimely. For example, defendants point out that at the March 21, 2014 scheduling conference:

> . . . counsel for Plaintiff asked this Court (and then came back into chambers after counsel had been dismissed to ask again) to amend this §1983 case to bring in the state claims related to the motor vehicle accident. Given that there had been extensive discovery already done in the state case and the parties were subject to their response on a case evaluation award therein, this Court rejected the request.

Doc. Ent. 32 at 7-8. Moreover, plaintiff filed the instant motion (Doc. Ent. 28) on September 18, 2014, which was the then-deadline for discovery (*see* Doc. Ent. 20). Doc. Ent. 32 at 8.

Second, the motion to amend is futile. As defendants state, "[t]he proposed Amended Complaint at Count V seeks to assert a claim of owner's liability under MCL 257.401 against the City of Warren. Warren is immune from any such tort claim under MCL 691.1407." Doc. Ent. 32 at 13. Thus, plaintiff's proposed Count V would not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

**D.     Order**

Accordingly, plaintiff's September 18, 2014 motion (Doc. Ent. 28) is DEEMED MOOT to the extent it seeks to compel the depositions of McCabe and Teolis and is DENIED to the

extent it seeks leave to amend the original complaint (Doc. Ent. 1) to add a cause of action

against the City of Warren for Owner's Liability (Count V).

Furthermore, defendants' request for an award of costs (*see* Doc. Ent. 32 at 18) is

GRANTED.  Plaintiff SHALL reimburse defendants $250 in costs for having to defend the

instant motion.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of

fourteen (14) days from the date of receipt of a copy of this order within which to file objections

for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: October 16, 2014             s/Paul J. Komives
                                    PAUL J. KOMIVES
                                    UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing order was sent to parties of record on October 16,
2014, electronically and/or by U.S. Mail.

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Paul J. Komives